ZERILLO v DYKSTERHOUSE

Docket Nos. 125018, 126376. Submitted March 20, 1991, at Grand
    Rapids. Decided June 13, 1991; approved for publication Sep-
    tember 13, 1991, at 9:20 A.M.

Richard T. and Kathleen A. Zerillo and Zerco, Inc., a closely held
    corporation owned by the Zerillos, brought an action in the
    Emmet Circuit Court against Robert and Helen Dyksterhouse
    and the Inside Shelf Corporation and Brend-L, Inc., corpora-
    tions owned by the Dyksterhouses, alleging conversion of a
    retail business. Brend-L, Inc., brought a countercomplaint for
    specific enforcement of a sales agreement relating to that retail
    business against Zerco, Inc. Judge Richard M. Pajtas disquali-
    fied himself from hearing the matter. District Court Judge
    James K. McCormick was assigned to hear the matter and set a
    trial date. The court denied the plaintiffs' motion for an ad-
    journment, sought by the plaintiffs' counsel because of previ-
    ously scheduled child custody hearings on the dates set for trial
    of this matter, and denied two renewals of that motion. When
    the plaintiffs' counsel failed to appear on the trial date, the
    court dismissed the plaintiffs' complaint and granted a default
    judgment on the countercomplaint. The plaintiffs appealed.

    The Court of Appeals *held:*

    It was an abuse of discretion to deny the motion to adjourn
    in view of the absence of any previous requests for adjourn-
    ment, the fact that the plaintiffs' counsel already had hearings
    scheduled on the dates set for the trial of this matter, and the
    inability of counsel to secure substitute counsel.

    Reversed and remanded for further proceedings.

*Ronald W. Powers,* for the plaintiffs.

*Smith, Johnson, Brandt & Heintz, P.C.* (by *Don-
ald A. Brandt, Patrick E. Heintz,* and *Michael J.
Corcoran*), for the defendants.

Before: GRIBBS, P.J., and SULLIVAN and GRIFFIN,
JJ.

SULLIVAN, J. Plaintiffs' complaint alleging conversion and defendants' countercomplaint for specific performance were consolidated for trial. Because plaintiffs' attorney failed to appear on the date that the trial was scheduled to begin, the court entered orders dismissing plaintiffs' complaint with prejudice and granting a default judgment to defendants on the countercomplaint. The court also awarded defendants almost $7,000 in mediation sanctions. Plaintiffs now appeal as of right. We reverse and remand for further proceedings.

The trial originally was scheduled to be conducted by Judge Richard M. Pajtas beginning on November 7, 1989, and to last three days. On October 31, 1989, Judge Pajtas sua sponte disqualified himself from handling the matter, because of his familiarity with defendants. District Court Judge James K. McCormick was then assigned to handle the case. Without input from the parties' attorneys, on November 15, 1989, Judge McCormick rescheduled the matter to be heard for three days beginning on December 19, 1989.

Plaintiffs' attorney, however, already had two child custody cases scheduled to be heard on the same three days.[1] He therefore moved to adjourn the trial scheduled in the instant consolidated cases. Previous adjournments had not been requested. The motion was heard by telephone conference on November 27, 1989, after which the court denied plaintiffs' motion, because it determined that plaintiffs had adequate time—three weeks—to obtain substitute counsel, given the nature and complexity of the cases. On December 12, 1989, plaintiffs renewed their motion for an adjournment. Following a telephone conference on

---

[1] We note that in scheduling trials, a court shall give precedence to contested child custody cases. MCR 2.501(B)(2).

December 18, the court denied the motion. No record exists of the telephone conferences.

On the following day—December 19, the date set for trial—plaintiffs appeared without counsel, but with another written motion for an adjournment. The transcript reveals that the court again denied the motion. However, the court also noted that plaintiffs' attorney previously had indicated that he had unsuccessfully attempted to secure substitute counsel. Four attorneys had been contacted, and each had been either unable or unwilling to substitute for this three-day trial. Plaintiffs noted that they did not have money to hire new counsel and that they had moved to Chicago, and emphasized that they had confidence in their present attorney.

A motion for an adjournment must be based on good cause, and a court, in its discretion, may grant an adjournment to promote the cause of justice. MCR 2.503; *In re Krueger Estate,* 176 Mich App 241, 247; 438 NW2d 898 (1989). A lower court's denial of a motion to adjourn should not be reversed absent an abuse of discretion. *Id.,* pp 247-248. Moreover, a court, in its discretion, may dismiss a case with prejudice or enter a default judgment when a party and counsel fail to appear at a duly scheduled trial. MCR 2.504(B)(1); MCR 2.603(B)(1)(d); *Woods v Murdock,* 177 Mich App 210, 213; 441 NW2d 63 (1989); *Muscio v Muscio,* 62 Mich App 167, 169-170; 233 NW2d 224 (1975).

Given the facts of this case, including the circumstances under which the adjournments were requested, the absence of any prior requests for an adjournment, and the harsh result, we conclude that the court abused its discretion by failing to adjourn the trial. We can well appreciate that a court wants to be able to control its own docket.

This case did present a problem to Judge McCormick, because he had to set time aside from his district court cases to handle it. Nevertheless, life being what it is, courts should realize that attorneys have many commitments—not only the attorney retained for the case but also attorneys who might have been requested to be substitute counsel. Accordingly, we reverse the orders dismissing plaintiffs' case, granting a default judgment to defendants, and awarding mediation sanctions to defendants.

Reversed and remanded for further proceedings. We do not retain jurisdiction.