# STATE OF MICHIGAN

# COURT OF APPEALS

DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE FOR THE
CERTIFICATE HOLDERS OF THE GSAA
HOME EQUITY TRUST, ASSET-BACKED
CERTIFICATES, SERIES 2005-10, BY ITS
SERVICER NATIONSTAR MORTGAGE LLC,

   Plaintiff-Appellee,

v

LARETHA GORDON-WILLIAMS and CARL
WILLIAMS,

   Defendants-Appellants.

and

KEY BANK USA, N.A., MICHIGAN
DEPARTMENT OF TREASURY, and UNITED
STATE OF AMERICA,

   Defendants.

UNPUBLISHED
October 1, 2015

No.  321681
Macomb Circuit Court
LC No.  2013-000481-CH

Before:  K. F. KELLY, P.J., and CAVANAGH and SAAD, JJ.

PER CURIAM.

  In this foreclosure action, defendants Laretha Gordon-Williams and Carl Williams[1] appeal the trial court's denial of their motion to: (1) adjourn the hearing on plaintiff Deutsche

---

[1] Key Bank, the Michigan Department of Treasury, and the United States of America are not parties to this appeal.

-1-

Bank National Trust's ("Deutsche Bank") motion for summary disposition; and (2) set aside the order granting summary disposition to Deutsche Bank.[2]  For the reasons stated below, we affirm.

## I.  FACTS AND PROCEDURAL HISTORY

In 2005, defendants obtained a $275,400 mortgage on their Macomb residence from lender Ameriquest Mortgage.[3]  Ameriquest subsequently assigned and transferred its rights, title, and interest in the property to Deutsche Bank, which acts as the trustee for the certificate-holders of the GSAA Home Equity Trust.  Defendants stopped making payments on their mortgage in June 2011, and defaulted soon thereafter.  They are still indebted for $269,904.41 in principal.

Deutsche Bank filed an action for judicial foreclosure in the Macomb Circuit Court in January 2013.  The court held status conferences throughout the year and, because of the uncomplicated nature of the action, repeatedly encouraged the parties to either settle or file a motion for summary disposition.  Defendants were generally unresponsive during this time period, and did not answer Deutsche Bank's requests for admission, which it served on defendants in late 2013 in preparation for its motion for summary disposition.

In February 2014, Deutsche Bank filed a motion for summary disposition, and noted that defendants had: (1) never asserted a valid defense to foreclosure; and (2) failed to respond to its requests for admission.  The court scheduled a hearing on the motion for March 31, 2014.  In the interim, defendants did not respond to Deutsche Bank's motion.

At the March 31 hearing, defendants—who did not raise any substantive objections to Deutsche Bank's motion for summary disposition—demanded that the court adjourn the hearing because the foreclosure proceedings were "unfair," and they believed they were being considered for loan modification.

The court denied defendants' request, and explained that it found defendants' assertions unavailing because: (1) the judicial foreclosure action had been pending for a year; (2) it had repeatedly, over a period of months, instructed the parties to prepare and file motions for summary disposition; and (3) defendants had been given ample time to respond to Deutsche

---

[2]  In actuality, the party that received summary disposition is Deutsche Bank's servicer, Nationstar, which commits legal acts on Deutsche Bank's behalf.  Likewise, in the early stages of this litigation, Deutsche Bank acted through its prior servicer, Bank of America.  Because this distinction is of no import to this dispute and needlessly confusing, we omit reference to Deutsche Bank's servicers and refer simply to "Deutsche Bank" as the plaintiff-actor throughout the opinion.

[3]  This was the second time defendants had mortgaged their home.  In July 2004, defendants mortgaged the same property to Key Bank for $25,558.  After defendants signed the mortgage with Ameriquest in 2005, Ameriquest and Key Bank signed a subordination agreement, which specified that Key Bank was the subordinate lender to Ameriquest.  The Ameriquest mortgage is the only loan at issue in this appeal.

Bank's motion for summary disposition. The court then granted Deutsche Bank's motion, and held that: (1) Deutsche Bank possessed a valid first lien on defendants' residence; and (2) defendants could redeem the property if they paid the amount due on the mortgage.

Thereafter, defendants sought to have the order set aside because it was allegedly "improper"—though defendants did not specify how or why it lacked propriety. After it held a hearing on the matter, the trial court rejected defendants' motion. It then issued its final order in the case on April 16, 2014, which entered a default judgment against Key Bank, the only remaining defendant.[4]

On appeal, defendants claim, without offering any factual or legal support for their arguments, that the trial court abused its discretion when it refused to: (1) adjourn the March 2014 summary disposition proceedings; and (2) set aside its March 2014 order for summary disposition.

## II. STANDARD OF REVIEW

A trial court's decision on whether to grant a motion for adjournment is reviewed for an abuse of discretion, as is its decision on whether to set aside a judgment. *Zerillo v Dyksterhouse*, 191 Mich App 228, 230; 477 NW2d 117 (1991); *Johnson v White*, 261 Mich App 332, 345; 682 NW2d 505 (2004). An abuse of discretion occurs when "an unprejudiced person considering the facts upon which the decision was made would say that there was no justification or excuse for the decision." *Oakland Co Bd of Co Rd Comm'rs v JBD Rochester, LLC*, 271 Mich App 113, 114; 718 NW2d 845 (2006).

## III. ANALYSIS

At the outset, we note that defendants' "arguments" in this appeal consist of conclusory statements that the trial court abused its discretion. These statements are not supported by any relevant legal authority or record citations. Defendants' failure to make a proper appeal is particularly egregious—they do not explain what portion of the March 2014 order is erroneous or provide any analysis whatsoever. A party "may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give issues cursory treatment with little or no citation of supporting authority." *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 14; 672 NW2d 351 (2003) (citations omitted). "An appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue." *Id*. Accordingly, defendants have abandoned both of their claims on appeal, and we need not address either assertion.

In any event, were we nonetheless to overlook the fact that defendants have failed to properly present their arguments before our Court, the record indicates that the trial court *did not* abuse its discretion when it refused to adjourn the hearing for summary disposition, or set aside its grant of summary disposition to Deutsche Bank. In conduct that mirrors their actions on

---

[4] Again, Key Bank is not a party to this appeal.

appeal, defendants offered no valid legal arguments *in the trial court* as to why Deutsche Bank should not have received summary disposition, and ultimately, the right to foreclose the property. In fact, Deutsche Bank has given defendants ample time to repay their debt—both before the initiation of this suit, and after the initiation of this suit—which defendants have been unable to do.

We therefore affirm the trial court's denial of defendants' requests to: (1) adjourn the March 2014 motion for summary disposition; and (2) set aside the March 2014 motion for summary disposition, and defendants' appeal is hereby dismissed.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Mark J. Cavanagh
/s/ Henry William Saad