# STATE OF MICHIGAN

# COURT OF APPEALS

DEBORAH JAMERSON,

Plaintiff-Appellant,

v

TITAN INSURANCE COMPANY,

Defendant-Appellee.

UNPUBLISHED
February 18, 2016

No. 324589
Genesee Circuit Court
LC No. 13-100049-NF

Before: GLEICHER, P.J., and JANSEN and SHAPIRO, JJ.

PER CURIAM.

The circuit court dismissed plaintiff's first-party no-fault action when her counsel arrived unprepared for the second adjourned trial date and made a last-minute oral request for a third adjournment. Under the circumstances, some sanction clearly was warranted. As plaintiff has never suggested an appropriate lesser sanction, we discern no ground to invade the circuit court's discretion. We therefore affirm.

## I. BACKGROUND

Plaintiff was injured when the brakes of her vehicle failed and she collided with a pole in a restaurant parking lot. Plaintiff filed a claim for benefits with her no-fault insurance provider, Titan Insurance Company. Titan rejected that plaintiff's injuries were caused by her accident, rather than an underlying health condition, and denied her claim. Plaintiff then filed suit.

In May 2013, the circuit court, Genesee Circuit Judge Judith Fullerton presiding, ordered that trial would occur on March 25, 2014. Judge Fullerton also ordered the parties to submit proposed voir dire questions, jury instructions, and a verdict form, and a trial brief and case theory at least two days before trial. On March 7, 2014, the court adjourned the trial until July 29, apparently to serve court's convenience. On March 28, 2014, plaintiff filed a motion for an adjournment. She explained that her original attorney was leaving the law firm she had retained and another attorney would be taking over the case. Replacement counsel had a previously scheduled vacation and would be unavailable on July 29. Titan stipulated to the adjournment and trial was rescheduled for September 23.

On September 10, 2014, the parties met for a settlement conference, but were unable to resolve the matter. The parties thereafter agreed to depose Titan's expert medical witness on Saturday, September 20, and plaintiff's two medical experts on Monday, September 22.

-1-

Plaintiff's counsel served his notice of taking de bene esse depositions on September 17. Late in the day on Friday, September 19, plaintiff's counsel contacted Titan's attorney and advised that a matter he was trying before Wayne Circuit Judge John Gillis had been adjourned until September 22 and he had to cancel his depositions. As a result he would not be ready for trial and would require an adjournment. Rather than contact the circuit court himself, plaintiff's counsel informed Titan that Judge Gillis would be contacting Judge Fullerton. The following morning, the parties proceeded with their deposition of Titan's expert.

On the afternoon of Monday, September 22, plaintiff's counsel notified Titan that his case scheduled to be heard before Judge Gillis had settled and he desired to conduct depositions of his medical experts the following morning at 7:00 a.m., ahead of the trial scheduled for 8:15 a.m. Titan's counsel demurred, asserting that she would not proceed in that manner unless Judge Fullerton was aware of and approved the situation. Plaintiff's counsel thereafter failed to contact Judge Fullerton's chambers.

Plaintiff's counsel appeared in court on the morning of trial and announced, "[W]e are not prepared to proceed to trial at this time due to the unavailability of . . . two medical experts." Plaintiff's counsel requested a continuance so he could depose his medical experts ahead of trial.

Titan's counsel vociferously objected. She emphasized that at the September 10 settlement conference, plaintiff's counsel stated "that he had a full trial schedule" and yet made no motion or oral request to adjourn at that time. Titan's counsel continued that she advised plaintiff's counsel when he contacted her the Friday before that he needed to personally contact Judge Fullerton and request an adjournment but that opposing counsel was satisfied to leave the burden in Judge Gillis's hands. As no one notified her that trial would not be conducted that day, Titan's counsel advised her client to abide by the subpoena and appear in court. Moreover, Titan's counsel complained, plaintiff's counsel failed to present proposed voir dire questions, jury instructions, and a verdict form, and a trial brief and case theory two days before trial, waiting instead until that morning. As a result of "being prejudiced and inconvenience[d]," Titan's counsel requested that the matter be dismissed. Plaintiff's counsel continued to excuse his decision to wait until the morning of trial to bring the conflict to the court's attention and did not suggest a lesser sanction.

Judge Fullerton denied plaintiff's request to adjourn the case and granted Titan's request to dismiss it. The judge found "a lack of showing of good cause." She emphasized that the matter had been adjourned twice before. Judge Fullerton further noted that she learned only through defense counsel that Judge Gillis was supposed to call and notify her of plaintiff's scheduling conflict. However, that call never came.

Plaintiff's counsel subsequently filed a motion for reconsideration and attached proposed voir dire questions, jury instructions, and a verdict form, and a trial brief and case theory. In denying the motion, the court described that "neither plaintiff nor his office would return phone calls from this Court's office regarding the status of this case during the week prior to the trial date." As plaintiff's counsel failed to establish any palpable error and raised no new issue for the court's consideration, the circuit court denied the motion. This appeal followed.

## II. ANALYSIS

We review for an abuse of discretion both a circuit court's decision to dismiss an action as a sanction against a litigant or his or her counsel and to deny a party's motion to adjourn a trial to a later date. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006); *Zerillo v Dyksterhouse*, 191 Mich App 228, 230; 477 NW2d 117 (1991).

[A]n abuse of discretion standard acknowledges that there will be circumstances in which there will be no single correct outcome; rather, there will be more than one reasonable and principled outcome. . . . [W]hen the trial court selects one of these principled outcomes, the trial court has not abused its discretion and, thus, it is proper for the reviewing court to defer to the trial court's judgment. [*Maldonado*, 476 Mich at 388 (quotation marks and citations omitted).]

MCR 2.503 governs the adjournment of trials, in relevant part, as follows:

(B) Motion or Stipulation for Adjournment.

(1) Unless the court allows otherwise, a request for an adjournment must be by motion or stipulation made in writing or orally in open court *based on good cause*.

(2) A motion or stipulation for adjournment must state

(a) which party is requesting the adjournment,

(b) the reason for it, and

(c) whether other adjournments have been granted in the proceeding and, if so, the number granted.

(3) The entitlement of a motion or stipulation for adjournment must specify whether it is the first or a later request, e.g., "Plaintiff's Request for Third Adjournment".

(C) Absence of Witness or Evidence.

(1) A motion to adjourn a proceeding because of the unavailability of a witness or evidence *must be made as soon as possible after ascertaining the facts*.

(2) An adjournment may be granted on the ground of unavailability of a witness or evidence only if the court finds that the evidence is material and that diligent efforts have been made to produce the witness or evidence.

(3) If the testimony or the evidence would be admissible in the proceeding, and the adverse party stipulates in writing or on the record that it is to be considered as actually given in the proceeding, there may be no adjournment unless the court deems an adjournment necessary.

(D) Order for Adjournment; Costs and Conditions.

(1) In its discretion the court *may grant an adjournment to promote the cause of justice*. An adjournment may be entered by order of the court either in writing or on the record in open court, and the order must state the reason for the adjournment.

(2) In granting an adjournment, the court may impose costs and conditions. When an adjournment is granted conditioned on payment of costs, the costs may be taxed summarily to be paid on demand of the adverse party or the adverse party's attorney, and the adjournment may be vacated if nonpayment is shown by affidavit. [Emphasis added.]

"[C]ases where a denial was proper have always involved some combination of numerous past continuances, failure of the movant to exercise due diligence, and lack of any injustice to the movant." *Tisbury v Armstrong*, 194 Mich App 19, 20; 486 NW2d 51 (1991).

The power to dismiss an action as a sanction against a party or attorney is governed in part by MCR 2.504(B)(1), which provides: "If a party fails to comply with these rules or a court order, upon motion by an opposing party, or sua sponte, the court may enter a default against the noncomplying party or a dismissal of the noncomplying party's action or claims." MCL 600.611 also grants circuit courts the authority "to make any order to fully effectuate the circuit courts' jurisdiction and judgments." See also *Maldonado*, 476 Mich at 389-391. Dismissal should be applied sparingly as a sanction as "contemporary procedural philosophy encourages trial on the merits." *Wood v DAIIE*, 413 Mich 573, 585-586; 321 NW2d 653 (1982). "Before imposing such a sanction, the trial court is required to carefully evaluate all available options on the record and conclude that the sanction of dismissal is just and proper." *Vicencio v Ramirez*, 211 Mich App 501, 506-507; 536 NW2d 280 (1995).

Had we sat in the stead of the circuit court, we may have selected a lesser sanction than outright dismissal of plaintiff's action. We may have granted plaintiff's request for an adjournment, but assessed costs against her as permitted under MCR 2.503(D)(2). However, based on the record before us, and acknowledging that plaintiff had requested only one previous adjournment, we cannot conclude that the court's action was unreasonable or unprincipled.

Plaintiff's counsel engaged in dilatory tactics leading up to the September 22 trial date. Judge Fullerton noted that counsel's office failed to return calls in the week leading up to trial. The record establishes that plaintiff's counsel knew on September 18 that his trial before Judge Gillis had been rescheduled for September 22. Instead of immediately contacting Titan's counsel and Judge Fullerton's chambers, plaintiff's counsel waited until the following day and even then only contacted opposing counsel. Plaintiff's counsel never contacted the court to place it on notice of the possible conflict. And knowing his trial date before Judge Fullerton had not been adjourned, plaintiff's counsel ignored the court's order to submit various items two days before trial.

Although plaintiff tried to reschedule the depositions of her expert witnesses for 7:00 a.m. on the morning of trial, counsel never established that the witnesses were actually available

at that time. Moreover, counsel never explained how one hour and 15 minutes sufficed to allow both parties to question two witnesses about plaintiff's preexisting medical conditions and current injuries in lieu of their live trial testimony. "A denial [of a motion to adjourn] because of the absence of a witness is proper where the movant fails to provide an adequate explanation and show that diligent efforts were made to secure the presence of the witness." *Tisbury*, 194 Mich App at 20. Certainly, no such explanation was provided in this case.

Moreover, although the circuit court did not explore other options on the record, plaintiff's counsel never asked the court to do so. Counsel refused to acknowledge his role in causing his inability to proceed to trial. He blamed Judge Gillis for failing to contact Judge Fullerton and defense counsel for refusing to proceed with depositions that morning absent an order of the court. Plaintiff's counsel refused to admit that he had the knowledge and the power to file a motion to adjourn on September 18 when Judge Gillis adjourned the Wayne Circuit Court case that counsel was litigating. Instead, counsel proceeded as if Judge Gillis and defense counsel were his secretarial staff, sitting on his rights and waiting for the judge and opposing counsel to do his work for him. Given these events, we cannot determine that Judge Fullerton acted outside of her discretion in dismissing the action rather than adjourning the trial.

Plaintiff also challenges the circuit court's denial of her reconsideration motion. We review this decision for an abuse of discretion as well. *Corporan v Henton*, 282 Mich App 599, 605; 766 NW2d 903 (2009). "Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted." MCR 2.119(F)(3).

On appeal, plaintiff relies upon *Al-Maliki v LaGrant*, 286 Mich App 483; 781 NW2d 853 (2009), to support her claim that reconsideration was warranted in this case. *Al-Maliki*, 286 Mich App at 486, reasons:

> Under MCR 2.119(F), a trial court has discretion to grant rehearing or reconsideration of a decision on a motion. "The rule allows the court considerable discretion in granting reconsideration to correct mistakes, to preserve judicial economy, and to minimize costs to the parties." *Kokx v Bylenga*, 241 Mich App 655, 659; 617 NW2d 368 (2000). The trial court may even give a party a second chance on a previously decided motion. *Id.*

In *Al-Maliki*, however, the circuit court's error that merited a second look despite the absence of new grounds amounted to a due process violation. Specifically, the circuit court sua sponte entered a summary disposition order on an issue not raised by the moving party without affording the aggrieved party an opportunity to be heard. *Id.* at 485-486. *Kokx*, as cited by *Al-Maliki*, also does not demand relief in this case. In *Kokx*, this Court merely acknowledged that " 'if a trial court wants to give a second chance' to a motion it has previously denied, it has every right to do so, and this court rule [MCR 2.119(F)(3)] does nothing to prevent this exercise of discretion.' " *Kokx*, 241 Mich App at 659, quoting *Smith v Sinai Hosp of Detroit*, 152 Mich App 716, 723; 394 NW2d 82 (1986). Conversely, a circuit court acts within its discretion if it does not want to give a second chance to a motion it previously denied. As noted, plaintiff has established no palpable error and even on appeal raises no new issues for the court's

consideration. Accordingly, we can discern no abuse of discretion in the circuit court's denial of her reconsideration motion.

We affirm. Defendant, being the prevailing party, may tax costs. MCR 7.219.


/s/ Elizabeth L. Gleicher
/s/ Kathleen Jansen
/s/ Douglas B. Shapiro