# STATE OF MICHIGAN

# COURT OF APPEALS

SHEILA STARR FANTE,

Plaintiff-Appellee,

UNPUBLISHED
June 29, 2017

v

JOHN VINCENT NOVA,

Defendant-Appellant.

Nos. 334735; 336085
Macomb Circuit Court
Family Division
LC No. 2011-000078-DC

Before: FORT HOOD, P.J., and CAVANAGH and RONAYNE KRAUSE, JJ.

PER CURIAM.

In this consolidated appeal, defendant appeals, partly by right and partly by leave granted, from orders of the trial court modifying custody of the parties' children to "return" sole physical custody to plaintiff after the children had spent more than a year in defendant's sole care, dismissing defendant's motion to modify custody, and denying defendant's renewed motion to modify custody and parenting time. We vacate and remand for further proceedings.

The parties' original custody arrangement, pursuant to a 2011 consent judgment, granted the parties joint legal custody and plaintiff sole physical custody of the children. On March 4, 2015, and defendant filed a motion to modify custody after plaintiff was charged with misdemeanor child abuse. Defendant subsequently filed an ex parte motion, which the trial court granted, seeking an emergency modification to the custody arrangement prior to an evidentiary hearing. After the evidentiary hearing, the referee ordered that the children would remain placed with defendant, emphasizing that it was "placement" rather than a change in custody, "until further order of the court." The trial court affirmed the referee's order, and the arrangement remained practically unchanged in all relevant respects until the criminal charges were resolved by a directed verdict in plaintiff's favor.

The trial court then set an evidentiary hearing for June 9, 2016, but adjourned the hearing after defendant's attorney withdrew; the trial court nevertheless entered an order granting plaintiff "temporary physical custody of both minor children" pending a June 29, 2016 evidentiary hearing on defendant's 2015 motion. The trial court ordered defendant to represent himself if he could not obtain substitute counsel. Defendant did not appear at all on June 29, 2016, and the trial court dismissed defendant's motion to modify custody as a consequence. It also granted plaintiff's request to make defendant's parenting time supervised. The trial court

-1-

subsequently denied defendant's motion seeking relief from the June 9 and June 29, 2016, orders because defendant had not appeared.

We note initially that the trial court's order appears to have been motivated in part by its frustration with defendant. We appreciate that the trial courts are under immense external pressure to conform to somewhat arbitrary timetables and to manage their dockets to optimize for rapidity rather than justice. Nor do we believe that parties should not face consequences for their conduct. However, the trial court's admonition to defendant that *the judge* was "the guy paying for it" when defendant expressed regret for having had a relationship with plaintiff goes entirely too far. A sitting trial court judge is in absolutely no way "paying" for anything—quite the opposite, judges earn a salary for the precise purpose of resolving legal problems parties bring to them, whereas parties are frequently paying what is to them vast sums of money they often do not have and significantly inconveniencing themselves for the privilege of attempting to navigate a seemingly Kafkaesque procedural and bureaucratic labyrinth because they have little choice. Indeed, this case illustrates in many ways how dysfunctional the legal framework surrounding child custody issues is from the standpoint of parents who, for whatever reason, are unable to work out a compromise with another parent. A trial judge unable to contain their impatience, unable to appreciate the perspective of the people before the court, or unable to refrain from making the proceedings about themself instead of the parties, is perhaps in the wrong line of work.

In any event, although a trial court has the discretion to dismiss an action or claim with prejudice when a party fails to appear at a duly scheduled hearing, MCR 2.504(B)(1); *Zerillo v Dyksterhouse*, 191 Mich App 228, 230; 477 NW2d 117 (1991), it is "a drastic step that should be taken cautiously," *Brenner v Kolk*, 226 Mich App 149, 163; 573 NW2d 65 (1997). As such, a trial court is required to "carefully evaluate all available options on the record and include that dismissal is just and proper. *Bloemendaal v Town & Country Sports Center, Inc*, 255 Mich App 207, 214; 659 NW2d 684 (2002). A trial court's dismissal of a case without evaluating on the record other available options constitutes an abuse of discretion. *Vicencio v Ramirez*, 211 Mich App 501, 507; 536 NW2d 280 (1995). In this case, the trial court failed to address the propriety of dismissal or articulate an analysis of the factors typically involved in a decision to dismiss. See *id*. (summarizing some of the factors this Court directs a trial court to consider before imposing the sanction of dismissal). The trial court here dismissed a motion, not an entire case, and defendant has not challenged that dismissal on these grounds. Nevertheless, the trial court's disposition of the matter was, under the circumstances, premature despite defendant's failure to appear.

The central problem in this matter is a common and, in the absence of some action from our Supreme Court or the Legislature, a somewhat intractable one, especially considering the time pressures involved. Courts clearly have the power, as they should, to issue orders, even on an ex-parte basis, removing children from unsafe environments and placing them in a safe environment. However, the simple fact is that *calling* it "placement" or "temporary" or "emergency" or any similar euphemisms does not change the true nature of such an order: if the children involved are in an established custodial environment, removing the children from that environment effectuates a change in custody. See *Shade v Wright*, 291 Mich App 17, 27; 805 NW2d 1 (2010). By law, any modification of custody is subject to the Child Custody Act and requires independent consideration by the court of the best-interest factors. MCL 722.27; *Rivette*

*v Rose-Molina*, 278 Mich App 327, 332-333; 750 NW2d 603 (2008); *Vodvarka v Grasmeyer*, 259 Mich App 499, 508-509; 675 NW2d 847 (2003). The Child Custody Act also governs parenting time changes. *Demski v Petlick*, 309 Mich App 404, 440; 873 NW2d 596 (2015). The trial court cannot sidestep the requirements of the Child Custody Act by proclaiming a change to be "temporary." See *Mann v Mann*, 190 Mich App 526, 529-530; 476 NW2d 439 (1991) (holding that a trial court cannot "do by a postjudgment interim order temporarily changing custody that which it cannot do by a final order changing custody").

Likewise, by the time of the orders being appealed, the children had been in defendant's care for considerable time, raising a serious possibility that the children had an established custodial environment with defendant. The propriety of that environment coming about is irrelevant: "[i]t makes no difference whether [the established custodial] environment was created by a court order, without a court order, in violation of a court order, or by a court order that was subsequently reversed." *Hayes v Hayes*, 209 Mich App 385, 388; 532 NW2d 190 (1995). Before the trial court may change an established custodial environment, it *must* first find "proper cause or a change in circumstances sufficient to revisit an existing custody order," and then determine whether an established custodial environment actually exists. *Pierron v Pierron*, 282 Mich App 222, 244; 765 NW2d 345 (2009). If an established custodial environment does exist, the trial court must then determine whether clear and convincing evidence shows the change to be in the best interests of the child. *Id*. at 244-245. A party's failure to appear does not in any way constitute evidence of either the existence or nonexistence of an established custodial environment, nor does it constitute evidence bearing on the best interests of the child. Clearly, it may be cause for imposing sanctions on the party, it is not a basis for altering a child's custody. A trial court may limit its analysis to explicitly contested issues only where a change in parenting time does not alter the established custodial environment. *Shade v Wright*, 291 Mich App 17, 26-27, 31-32; 805 NW2d 1 (2010).

That being said, we emphasize that minor tinkering with parenting time does not necessarily change an established custodial environment. *Lieberman v Orr*, __ Mich App __, __; __ NW2d __ (2017) (Docket No. 333816), slip op at p 12. We think it obvious that removing a child from a situation deemed immediately hazardous for a few days until the situation is resolved or a proper hearing can be conducted likewise does not *immediately* change an established custodial environment. Indeed, the trial courts must have leeway to do so. Removing a child for an indefinite time, however, equally obviously does implicate the Child Custody Act. Likewise, once a child is in a new environment for a significant length of time, the trial court must determine whether a new established custodial environment exists and may not simply "revert" the child back, even if the initial removal was intended to be temporary.

Although the trial court's implication that it was the victim was inappropriate, we do not mean to suggest that the trial court should not have sanctioned defendant for his failure to appear. Furthermore, we do not express any opinion, and none should be implied, whether proper cause or change of circumstances did in fact exist at any relevant time, nor do we render or imply any opinion as to the children's best interests. The outcome may well have been proper. However, if so, it was by accident: the trial court grossly abused its discretion by entering an order affecting the custody of the children without engaging in the analyses required by the Child Custody Act. We note that the trial court's order requiring defendant to have supervised parenting time was legally erroneous and an abuse of discretion for the same reasons:

the trial court simply failed to acknowledge and comply with the rules and procedures governing custody and parenting time disputes. See *Demski*, 309 Mich App at 440. Consequently, we must vacate the trial court's orders and remand for a new child custody hearing. See *Rittershaus v Rittershaus*, 273 Mich App 462, 475; 730 NW2d 262 (2007). The remaining issues on appeal are therefore moot.

The trial court's orders are vacated, and we remand the matter to the trial court to hold a new hearing on defendant's 2015 motion to modify custody or to allow defendant to file a new motion to modify the custody and parenting time arrangement in the parties' 2011 consent judgment. Plaintiff may also file a renewed motion for defendant's parenting time to be supervised. On remand, the trial court should take into account up-to-date information pursuant to *Fletcher v Fletche*r, 447 Mich 871, 889; 526 NW2d 889 (1994). We do not retain jurisdiction.

/s/ Karen M. Fort Hood
/s/ Mark J. Cavanagh
/s/ Amy Ronayne Krause