# STATE OF MICHIGAN

# COURT OF APPEALS

RODNEY ALLAN ROBINSON,

      Plaintiff-Appellant,

v

ERICA RENEE ROBINSON,

      Defendant-Appellee.

UNPUBLISHED
January 2, 2018

No. 335043
Huron Circuit Court
LC No. 14-205610-DM

Before: MURRAY, P.J., and K. F. KELLY and FORT HOOD JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order amending the parties' judgment of divorce. Specifically, on appeal plaintiff challenges the trial court's child support order. We affirm.

## I. BACKGROUND

The parties' judgment of divorce was entered on December 11, 2015[1] and directed the parties to provide financial information to the Friend of the Court (FOC) so that it could make a recommendation regarding child support. On January 28, 2016, the FOC sent a letter to the parties informing them of its child support recommendations to the trial court. Enclosed were three child support recommendations for the trial court to choose from; the three recommendations were based on three potential income values for defendant. For plaintiff's income, the FOC used a three-year average income in calculating the child support recommendations because plaintiff, who is a farmer, had yearly income that varied on the basis of crop sales. In this case, the FOC averaged plaintiff's annual incomes from 2012, 2013, and 2014, and used that average as plaintiff's income in the child support calculations.

Plaintiff filed objections to the recommendations, and a hearing based on the objections was held on March 21, 2016. Before the hearing, plaintiff filed an emergency motion to adjourn the hearing because his accountant could not attend the hearing. The trial court proceeded with the hearing without ruling on plaintiff's motion to adjourn. During the hearing, plaintiff argued

---

[1] The parties have two minor children, DRR (dob 4/16/2005) and CJR (dob 4/2/2011).

that only his annual income for 2015 should have been used in calculating his child support instead of the three-year average income from 2012 to 2014 because crop prices were higher from 2012 to 2014 and plaintiff's 2015 income was most current. However, the trial court determined that using the three-year average income was appropriate for calculating child support, and stated that it did not include 2015 in the three-year average because using the incomes from 2012 to 2014 was more accurate.[2] The trial court ultimately adopted child support recommendation "A," which set plaintiff's child support obligation at $1,675 per month for the two minor children.

On April 11, 2016, plaintiff sent a letter to the FOC requesting further information for the basis of its child support recommendations. In response, as relevant to this appeal, the FOC provided a list of the tax deduction expenses from 2012 to 2014 that it included in plaintiff's income for purposes of calculating his child support. The trial court's uniform child support order was entered on April 25, 2016 and reflected plaintiff's child support obligation as $1,675 per month for the two minor children. Plaintiff subsequently filed a motion for reconsideration on May 13, 2016, arguing that his income and child support amount were improperly calculated. The trial court denied the motion, noting that pursuant to its March 21, 2016 order, the FOC was authorized "to conduct an annual income review, based on the written request of either party, on or after January, 2017[.]"

## II. ANALYSIS

### A. STANDARD OF REVIEW

"Whether the trial court properly applied the Michigan Child Support Formula (MCSF) to the facts of the case is a question of law that this Court reviews de novo." *Borowsky v Borowsky*, 273 Mich App 666, 672; 733 NW2d 71 (2007) (citation omitted). "This Court also reviews de novo the proper interpretation of the MCSF and the applicable statutes." *Id.* (citation omitted.)

> Where the MCSF commits a matter to the discretion of the trial court, this Court will review the trial court's exercise of discretion for abuse. An abuse of discretion occurs when a court selects an outcome that is not within the range of reasonable and principled outcomes. Finally, to the extent that the trial court made factual findings in determining the amount of support under the child support formula, those findings are reviewed for clear error. [*Id.* (citations omitted).]

### B. CALCULATION OF CHILD SUPPORT

---

[2] In entering its ruling, the trial court noted its familiarity with farm operations and "[t]he income of a farmer," which it described as greatly fluctuating, given the trial court's "history as a long-time resident of the county."

"[O]nce a trial court decides to order the payment of child support, the court must 'order child support in an amount determined by application of the child support formula . . . .'" *Id.* at 673, quoting MCL 552.605(2). "A trial court must strictly comply with the requirements of the MCSF in calculating the parents' support obligations unless it 'determines from the facts of the case that application of the child support formula would be unjust or inappropriate . . . .'" *Id.*, quoting MCL 552.605(2).

Plaintiff first argues that his 2015 income should have been included in calculating the three-year average income that the trial court used to determine plaintiff's child support amount. "The first step in determining the parents' support obligation under the MCSF is to determine each parent's net income[.]" *Borowsky*, 273 Mich App at 673. Each parent's net income is determined in order to "establish, as accurately as possible, how much money a parent should have available for support." 2013 MCSF 2.01(B). "Net income" is defined as "all income minus the deductions and adjustments permitted by [the MCSF]." 2013 MCSF 2.01(A). The 2013 MCSF instructs the FOC that "[w]here income varies considerably year-to-year due to the nature of the parent's work, *use three years' information to determine that parent's income*." 2013 MCSF 2.02(B) (emphasis added).

In compliance with the 2013 MCSF, the FOC appropriately used a three-year average income for plaintiff in calculating the child support recommendations where plaintiff, as a farmer, had income that varied from year to year on the basis of his crop sales. 2013 MCSF 2.02(B). The FOC averaged plaintiff's annual incomes from 2012, 2013, and 2014, and the trial court adopted that average value. Plaintiff argues that his 2015 income should have been included in the calculation of the average because the MCSF does not specify which three years must be used, and he asserts that the three most recent years (including 2015) should have been used because the goal of the MCSF is to determine current income. However, the MCSF does not mandate that the three most recent years be used in the average income calculation. 2013 MCSF 2.02(B). Therefore, determining which three years of income to use in the average calculation is a matter left to the trial court's discretion. See *Peterson v Peterson*, 272 Mich App 511, 518; 727 NW2d 393 (2006) (stating that "[t]his Court must ensure compliance with the plain language of the MCSF Manual[,]" and that courts may not read language into the MCSF that is not there). Because the MCSF gives the trial court discretion regarding which three years to use in the average income calculation, the trial court's decision to use the years of 2012, 2013, and 2014 is reviewed for an abuse of discretion. *Borowsky*, 273 Mich App at 672 (recognizing that where the MCSF commits matters to the discretion of the trial court, the trial court's decisions are reviewed for an abuse of discretion).

Although plaintiff argues that the trial court did not provide any specific reasons for not including the 2015 income in the average and ignored the possibility of including the 2015 income in the average, the trial court did in fact state its reason for not including plaintiff's 2015 income. The trial court recognized that using the incomes from 2012 to 2014 to determine child support was more accurate and advisable under the circumstances of this case, particularly where these divorce proceedings had been pending since October 1, 2014. Additionally, the FOC had noted that only plaintiff's personal tax return was provided to the FOC, but "the Robinson Farms Partnership return [was] also required." Therefore, on these facts, the trial court's decision to not include plaintiff's 2015 income in the average calculation was reasoned and fell within the range

of principled outcomes, and the child support award was properly entered. See *Borowsky*, 273 Mich App at 672.

Plaintiff also argues that the trial court should not have included three of plaintiff's tax deductions for business expenses as part of plaintiff's income for purposes of calculating child support. Plaintiff specifically argues that the following tax deductions should not have been considered part of his income: depreciation and section 179 expenses,[3] office supply expenses, and phone expenses. Plaintiff asserts that the trial court should not have added back deductions for those expenses because the trial court did not make findings regarding whether any of the expenses were "consistent with the nature of the business" and therefore not to be included as income. 2013 MCSF 2.01(E)(4)(e). These issues were not presented to the trial court for consideration, and are therefore not preserved. *Fast Air, Inc v Knight*, 235 Mich App 541, 549; 599 NW2d 489 (1999). Specifically, although provided with the FOC recommendations concerning child support on or about January 29, 2016, plaintiff did not contact the FOC concerning how child support was calculated until April 11, 2016, after the trial court's March 21, 2016 hearing on his objections to the recommendations for child support. Moreover, plaintiff's objections to the child support recommendations, as well as his motion for reconsideration, did not specifically touch on these issues. Accordingly, we decline to address these unpreserved issues on appeal.

## C. DENIAL OF ADJOURNMENT

This Court will review the trial court's decision on a motion seeking an adjournment for an abuse of discretion. *In re Utrera*, 281 Mich App 1, 8; 761 NW2d 253 (2008) (recognizing that a motion for continuance is reviewed for an abuse of discretion). "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes." *Keinz v Keinz,* 290 Mich App 137, 141; 799 NW2d 576 (2010) (citation omitted).

"A motion for adjournment must be based on good cause, and a court, in its discretion, may grant an adjournment to promote the cause of justice." *Zerillo v Dyksterhouse,* 191 Mich App 228, 230; 477 NW2d 117 (1991); see also MCR 2.503(D)(1). "An adjournment may be granted on the ground of unavailability of a witness or evidence only if the court finds that the evidence is material and that diligent efforts have been made to produce the witness or evidence." MCR 2.503(C)(2). Further, "cases where a denial [of adjournment] was proper have always involved some combination of numerous past continuances, failure of the movant to exercise due diligence, and lack of any injustice to the movant." *Tisbury v Armstrong*, 194 Mich App 19, 20; 486 NW2d 51 (1991) (citation omitted). "A denial because of the absence of a witness is proper where the movant fails to provide an adequate explanation and show that diligent efforts were made to secure the presence of the witness." *Id.*

---

[3] The parties do not dispute that section 179 of the Internal Revenue Service Tax Code permits businesses to deduct the full purchase price of equipment that qualifies pursuant to the IRS Tax Code.

Plaintiff filed an emergency motion to adjourn the March 21, 2016 hearing because his accountant could not attend the hearing and would not be able to do so until after April 15, 2016, presumably after the completion of tax season. The trial court proceeded with the hearing without expressly ruling on plaintiff's motion to adjourn, and it continued to proceed with the hearing after plaintiff's counsel reiterated the request for an adjournment during the hearing. Notably, plaintiff did not offer any argument or evidence to demonstrate that diligent efforts were made to secure the presence of his accountant at the hearing. *Tisbury* 194 Mich App at 20; see also MCR 2.503(C)(2). For example, plaintiff did not establish when he retained the accountant, when he requested that the accountant attend the hearing, when the accountant informed plaintiff that he could not attend, or why plaintiff waited until shortly before the hearing to request the adjournment. Additionally, during the hearing on his objections, plaintiff's counsel qualified the request for an adjournment, specifically asking the trial court "for an adjournment for a CPA if [y]our Honor feels it's necessary."

Further, we are not persuaded that plaintiff suffered injustice as a result of the trial court's denial of his motion to adjourn. *Tisbury* 194 Mich App at 20. Plaintiff argues that he suffered injustice because his income was improperly calculated, and he never had an opportunity to have his accountant testify to correct the inaccuracies. However, we disagree that plaintiff's income was improperly calculated, and the alleged mistakes concerning the tax deductions for expenses included in the income calculation first came to plaintiff's attention by way of the FOC's April 14, 2016 letter, well after the March 21, 2016 hearing on plaintiff's objections to the child support recommendations. Therefore, plaintiff is hard-pressed to assert that his accountant would have been of assistance in correcting any alleged mistakes that had not been discovered. Accordingly, plaintiff's arguments concerning this issue are without merit.

Affirmed.

/s/ Christopher M. Murray
/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood

-5-