TISBURY v ARMSTRONG

Docket No. 120621. Submitted October 10, 1991, at Detroit. Decided December 3, 1991; approved for publication April 22, 1992, at 9:00 A.M.

Charles and Patricia Tisbury brought a malpractice action in the Wayne Circuit Court against James Armstrong, D.O., and Garden City Osteopathic Hospital. The court, Susan D. Borman, J., denied plaintiffs' request for adjournment and to amend their witness list after their expert witness informed them that he would not testify in their behalf. The court subsequently granted summary disposition for Armstrong because the plaintiffs could not carry their burden of proof without the assistance of an expert witness. The plaintiffs appealed.

The Court of Appeals *held:*

Decisions regarding whether to allow a party to add an expert witness and whether to grant or deny adjournment rest within the discretion of the trial court. A motion for an adjournment because of the absence of a witness properly is denied where the movant fails to provide an adequate explanation and show that diligent efforts were made to secure the presence of the witness.

In this case, the plaintiffs provided adequate explanation for the absence of their expert witness, and Armstrong would suffer no prejudice as a result of an adjournment and an amendment of the plaintiffs' witness list. The trial court abused its discretion in denying the plaintiffs' motions.

Reversed and remanded.

*Pianin & Paull, P.C.* (by *Michael R. Billmeyer*), for the plaintiffs.

*Plunkett & Cooney, P.C.* (by *Robert G. Kamenec*), for the defendant.

Before: HOOD, P.J., and MURPHY and CAVANAGH, JJ.

Per Curiam. In this medical malpractice action, plaintiffs appeal as of right from an August 16, 1989, order granting summary disposition in favor of defendant James Armstrong, D.O. Plaintiffs claim that defendant was granted summary disposition after the trial court abused its discretion in denying their motions for an adjournment and for leave to amend their witness list. We agree and reverse.

The decision whether to allow a party to add an expert witness is within the discretion of the trial court. *Butt v Giammariner,* 173 Mich App 319, 321; 433 NW2d 360 (1988). The grant or denial of a motion for adjournment is also within the trial court's discretion, and cases where a denial was proper have always involved some combination of numerous past continuances, failure of the movant to exercise due diligence, and lack of any injustice to the movant. *Rosselott v Muskegon Co,* 123 Mich App 361, 370-371; 333 NW2d 282 (1983). A denial because of the absence of a witness is proper where the movant fails to provide an adequate explanation and show that diligent efforts were made to secure the presence of the witness. See *Sleeman v Dickinson Co Bd of Road Comm'rs,* 8 Mich App 618, 624-626; 155 NW2d 262 (1967).

On July 28, 1989, the trial court granted defendant's motion for summary disposition because plaintiffs could not carry their burden of proof without the assistance of an expert witness. Plaintiffs were without the assistance of an expert witness because the trial court had denied their motion for an adjournment and their motion to amend their witness list on July 21, 1989. In an attempt to show good cause, plaintiffs alleged that on July 11, 1989, their witness informed them that he would not testify in their behalf and that "at

no time did this expert ever indicate in any way, shape or form, that he was not going to testify."

In our opinion, plaintiffs provided an adequate explanation for the absence of their expert witness, and we do not believe any prejudice would have resulted if their motions had been granted. The original expert witness had not yet been deposed and there would not necessarily have been any effect on mediation. See *Levinson v Sklar,* 181 Mich App 693, 699; 449 NW2d 682 (1989). In addition, there is no indication on the record that the trial had been repeatedly postponed because of a lack of diligence on plaintiffs' part. We also find it significant that the court's decision on plaintiffs' motions put an end to this lawsuit. Given the policy of this state favoring the meritorious determination of issues, *Wood v Detroit Automobile Inter-Ins Exchange,* 413 Mich 573; 321 NW2d 653 (1982), we do not believe that the drastic remedy of summary disposition is appropriate in this case.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.