# Order

Michigan Supreme Court
Lansing, Michigan

July 12, 2005

Clifford W. Taylor
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Justices

124994-5 & (53)

JOHANNA WOODARD, Individually and as
Next Friend of AUSTIN D. WOODARD,
a Minor, and STEVEN WOODARD,
   Plaintiffs-Appellees
   and Cross-Appellants,

v

JOSEPH R. CUSTER, M.D.,
   Defendant-Appellant
   and Cross-Appellee,
and

MICHAEL K. LIPSCOMB, M.D.,
MICHELLE M. NYPAVER, M.D., and
MONA M. RISKALLA, M.D.,
   Defendants.

SC: 124994
COA: 239868
Washtenaw CC: 99-005364-NH

_____/

JOHANNA WOODARD, Individually and as
Next Friend of AUSTIN D. WOODARD,
a Minor, and STEVEN WOODARD,
   Plaintiffs-Appellees
   and Cross-Appellants,

v

UNIVERSITY OF MICHIGAN MEDICAL
CENTER,
   Defendant-Appellant
   and Cross-Appellee.

SC: 124995
COA: 239869
Court of Claims: 99-017432-CM

_____/

   On December 9, 2004, the Court heard oral argument on defendants' application for leave to appeal the October 21, 2003 judgment of the Court of Appeals and plaintiffs' cross-application for leave to appeal. Plaintiffs' cross-application for leave to appeal is again considered, and it is GRANTED. The parties are directed to include among the issues to be briefed: (1) what are the appropriate definitions of the terms "specialty" and

"board certified" as used in MCL 600.2169(1)(a); (2) whether either "specialty" or "board certified" includes subspecialties or certificates of special qualifications; (3) whether MCL 600.2169(1)(b) requires an expert witness to practice or teach the same subspecialty as the defendant; (4) whether MCL 600.2169 requires an expert witness to match all specialties, subspecialties, and certificates of special qualifications that a defendant may possess, or whether the expert witness need only match those that are relevant to the alleged act of malpractice. See *Tate v Detroit Receiving Hosp*, 249 Mich App 212 (2002); and (5) what are the relevant specialties, subspecialties, and certificates of special qualifications in this case.

The American Osteopathic Association's Bureau of Osteopathic Specialists, the Accreditation Council for Graduate Medical Education, and the Council of Medical Specialty Societies are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae.

WEAVER, J., concurs and states as follows:

I concur in the Court's decision to grant leave to appeal on plaintiffs' cross-application for leave to appeal. However, I would not have decided defendant's application for leave to appeal separately and peremptorily, see 473 Mich ___ (2005). I would have granted the defendant's application for leave to appeal to decide both applications at the same time.

I write separately to note that whether "specialty" or "board certified" in MCL 600.2169(1)(a) refers to subspecialties or certificates of special qualification is debatable.[1] It is possible that "board certified" refers only to the twenty-four board

---

[1] Regarding subspecialties versus specialties, the policy statement of the American Board of Medical Specialties (ABMS) provides:

> [T]he established specialty boards as well as the American Board of Medical Specialties itself increasingly are facing concerted pressures to offer certification in additional specialty or subspecialty categories. This is occurring despite the fact that accredited educational programs and the evaluative examinations on which general certifications are based assign appropriate emphasis to each of the subspecialties or areas of special competence identified with the corresponding primary field. Accordingly, diplomates holding general certification normally acquire, to a greater or

(continued...)

specialties recognized by the American Board of Medical Specialties (ABMS) and the eighteen board specialties recognized by the American Osteopathic Association (AOA).[2] But it has also been suggested that "board certified" refers to the more than one hundred subspecialties recognized and certified by the ABMS and the AOA.[3] The ABMS website further acknowledges that there are over 180 non-ABMS, "self-designated" medical "boards" in the United States, and the statute itself provides no language excluding any medical board from relevance.[4]

How this Court interprets "specialty" and "board certified" in subpart 1(a) of MCL 600.2169 significantly affects the ability of a party to a medical malpractice action to find an expert qualified to testify.

This case and another case in which leave to appeal was granted today, *Hamilton v Kuligowski,* 473 Mich ___ (2005), present opportunities to provide guidance on recurring and difficult questions regarding the qualifications of expert witnesses under MCL 600.2169. I therefore concur in the decision to grant leave to appeal on plaintiffs' cross-application for leave to appeal.

d0705

---

(...continued)
> lesser degree, all of such special competencies in their educational and specialty practice experience. <http://www.abms.org/policy.asp> (accessed April 13, 2005).

[2] The ABMS is the primary standard-setting organization for medical doctors and the AOA sets standards for osteopathic physicians. See <http://www.quackwatch.org/04ConsumerEducation/QA/board.html> (accessed April 13, 2005).

[3] It is noteworthy that a medical doctor or a doctor of osteopathic medicine can practice without any specialty or subspecialty. Further, both certifications in specialties and subspecialties by the ABMS and the AOA require additional training, testing, and periodic renewal. <http://www.abms.org> (accessed April 13, 2005).

[4] <http://www.abms.org/faq.asp> (accessed April 13, 2005).

I, CORBIN R. DAVIS, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 12 , 200 5                    Corbin R. Davis

Clerk