CAVANAGH, J.
(concurring in part and dissenting in part). I concur with the majority’s conclusion that expert witness testimony is necessary in this case because I agree that the medical procedures at issue are not within the common understanding of a jury. I also concur with Justice WEAVER that defendant’s[1] appeal and plaintiffs’ cross-appeal should not be bifurcated, but should be considered and decided together. Like Justice WEAVER, I would have granted defendant’s application rather than peremptorily reversing the Court of Appeals. I write separately because I find that although expert testimony is required in this case, the trial court abused its discretion in not granting plaintiffs’ motion for an extension of time to add a new expert witness.
As noted by the Court of Appeals, some of the procedural aspects of this case are not definitively clear on the existing record, which may lead one to question which of the parties’ multiple motions were the impetus for the trial court’s ultimate dismissal of plaintiffs’ claims. After discovery, defendants University of Michigan Medical Center and Dr. Custer moved to strike plaintiffs’ expert witness as unqualified. They also *11 moved for summary disposition under MCR 2.116(C)(10) on other bases, including allegations that a claim for respondeat superior did not lie and that plaintiffs’ testimony did not support a claim for negligent infliction of emotional distress. In response to defendants’ claim that plaintiffs’ expert was not qualified, plaintiffs alleged that they did not need an expert witness at all because the matters to be decided were within the common understanding of a jury.
At the hearing on these motions, the trial court granted defendants’ motion to strike plaintiffs’ expert, but did not address whether expert testimony was required. Defendants then moved to enter an order of dismissal, presumably because they assumed that an expert was required. Plaintiffs objected to the order, requested a determination whether expert testimony was needed, and moved to “extend time” to add an expert witness. The trial court determined that expert testimony was necessary, denied the motion to add an expert, and, as a result, entered an order dismissing plaintiffs’ claims with prejudice.
While plaintiffs’ appellate challenges to the trial court’s dismissal have focused primarily on plaintiffs’ claim that their expert was qualified or, in the alternative, that expert testimony was not required, the trial court’s order denying plaintiffs’ motion to add an expert was inextricably intertwined with its decision to dismiss the case. In other words, the trial court’s denial of plaintiffs’ motion to add an expert and its grant of defendants’ motion to strike plaintiffs’ expert were equally dispositive of plaintiffs’ claims. Thus, by virtue of opposing defendants’ application for leave to appeal and mounting their own challenges to the trial court’s dismissal, plaintiffs are necessarily, albeit somewhat indirectly, challenging the trial court’s denial of their *12 motion to add an expert. Contrary to the majority’s position, ante at 10 n 4,1 believe that the ruling on the motion to add an expert is fairly encompassed in the issues this Court is addressing.
Thus, having found that plaintiffs needed expert witness testimony, I would then find that the trial court abused its discretion by denying plaintiffs’ motion for an extension of time to add an expert witness and dismissing the case with prejudice. A trial court’s decision whether to allow a plaintiff to add an expert witness is reviewed for abuse of discretion, as is a trial court’s ruling on adjournment. See Klabunde v Stanley, 384 Mich 276, 281; 181 NW2d 918 (1970); Tisbury v Armstrong, 194 Mich App 19, 20; 486 NW2d 51 (1992). MCR 2.401(I)(2) states that if a party fails to list a witness by the time designated by the trial court, “[t]he court may order that any witness not listed in accordance with this rule will be prohibited from testifying at trial except upon good cause shown.” Thus, in considering a motion to amend a witness list, the trial court should determine whether the party seeking the amendment demonstrated good cause. Similarly, considerations for a motion to adjourn or extend time include whether the requesting party has sought numerous past continuances, whether the party has exercised due diligence, and the “lack of any injustice to the movant.” Tisbury, supra at 20.
Another important consideration, though, is our legal system’s preference for disposition of litigation on the merits. See Wood v Detroit Automobile Inter-Ins Exchange, 413 Mich 573, 581; 321 NW2d 653 (1982). Thus, if denying a motion to extend time to add an expert witness extinguishes a plaintiffs cause of action, that factor should be given due weight. See Dean v Tucker, 182 Mich App 27, 32; 451 NW2d 571 (1990). A trial *13 court should recognize that it has other, less drastic, measures available to it by which to ameliorate any inconvenience caused to the opposing party. Id. For example, the trial court could require the plaintiff to pay any deposition or other costs, including attorney fees, associated with the delay caused by the plaintiffs failure to timely name the witness. In addition, the trial court should have carefully weighed the available options and expressed reasons why dismissal with prejudice was preferable over other alternatives. Id. at 32-33.
In this case, plaintiffs moved for an extension of time to add an expert witness directly after the trial court struck the expert witness that plaintiffs timely presented. The controversy surrounding plaintiffs’ named expert pertained to problematic language in MCL 600.2169, language that this Court had not then, and has not yet, fully construed. In fact, whether plaintiffs’ original expert witness was qualified to testify in this case is the subject of plaintiffs’ yet to be decided cross-appeal. A look at this Court’s order granting plaintiffs’ cross-application for leave to appeal, 473 Mich 856 (2005), which contains a list of unanswered questions regarding what qualifications an expert witness in a medical malpractice case must have, is illustrative of the unsettled nature and complexity of MCL 600.2169.
Clearly, then, there are apparent difficulties in interpreting exactly what qualifications are required of a medical malpractice expert witness. Where this Court has not agreed on the proper construction of the statute,[2] and has expressly left for another day several of the precise questions at the core of the qualifications debate in this case,[3] a plaintiff who has made a good- *14 faith effort to satisfy unconstrued statutory criteria should not be penalized for ostensibly failing to meet the criteria with the ultimate sanction of dismissal with prejudice.[4] Rather, I would hold that where the trial court determined that the requirements of MCL 600.2169 had not been met, it should also have found that plaintiffs demonstrated good cause to seek additional time to add a new expert. Further, the court should have found that disposition on the merits outweighed any prejudice a short delay might have caused defendants. And as noted, the trial court could still have maintained sufficient control over its docket by, for example, setting a deadline by which plaintiffs had to present their new expert and invoking other measures to mitigate any harm to defendants.
On that basis alone, I would hold that the trial court, having found that plaintiffs’ expert did not meet the criteria contained in the statute, should have granted plaintiffs additional time to procure another expert instead of dismissing plaintiffs’ claim with prejudice and permanently depriving plaintiffs of a cause of action. Because trial was still two months away, any delay would have been minimal and containable. Plaintiffs had sought no previous continuances, and their request was not the result of a lack of due diligence.[5]
*15 For these reasons, I dissent from the majority opinion granting peremptory reversal to defendant.
Kelly, J., concurred with Cavanagh, J.

 The singular “defendant” refers to Joseph R. Custer, M.D.

 See, e.g., Halloran v Bhan, 470 Mich 572; 683 NW2d 129 (2004), and Grossman v Brown, 470 Mich 593; 685 NW2d 198 (2004).

 Halloran, supra at 577 n 5; Grossman, supra at 600 n 7.

 I make no conclusions regarding whether plaintiffs’ expert was indeed qualified for trial purposes. Because a majority of this Court insists on deciding this portion of the case today and the expert witness portion of the case at a later date, I will assume for purposes of this opinion that plaintiffs at least had a good-faith belief that their expert complied with the statutory mandates. This admittedly awkward position is the direct result of the majority’s refusal to address these interconnected issues at the same time.

 To the extent defendant argues that plaintiffs were on notice that defendant would challenge their expert’s qualifications, I find the argument without merit. It is not unusual for a defendant in a medical malpractice suit to launch a challenge of that type. And on defendants’ *15 first challenge to the expert, which occurred directly after plaintiffs filed their complaint and affidavit of merit,' the trial court found that the expert met the threshold requirements for purposes of the affidavit of merit. The mere fact that the trial court reserved for a later date the question whether the expert could offer trial testimony does not, in my view, compel a finding that plaintiffs should have automatically sought a replacement expert at that juncture, as defendant implies.