# STATE OF MICHIGAN

# COURT OF APPEALS

SHANTE HOOKS,

Plaintiff-Appellant,

v

LORENZO FERGUSON, M.D., and ST. JOHN
HEALTH d/b/a ST. JOHN PROVIDENCE
HOSPITAL,

Defendants-Appellees.

UNPUBLISHED
November 3, 2016

No. 322872
Oakland Circuit Court
LC No. 2013-132522-NH

ON REMAND

Before: STEPHENS, P.J., and CAVANAGH and MURRAY, JJ.

PER CURIAM.

This case is before us on remand from our Supreme Court for reconsideration in light of its decision in *Elher v Misra*, 499 Mich 11; 878 NW2d 790 (2016), a decision addressing the exclusion of expert witness testimony in a similar medical malpractice case. On reconsideration, we must conclude that the trial court in this case properly struck plaintiff's expert witness and granted summary disposition in defendants' favor; accordingly, we affirm.

The relevant facts were set forth in our prior opinion and included, in brief, that plaintiff's common bile duct was improperly clipped during her laparoscopic gallbladder removal surgery. At issue was whether clipping the common bile duct violated the standard of care or was merely a known complication of that surgery. Plaintiff's expert witness, Dr. Leonard Milewski, testified in his deposition that clipping the common bile duct violated the standard of care. Defendants filed a motion to strike Dr. Milewski as an expert witness on the ground that his opinion testimony failed to meet the requirements of MRE 702 and MCL 600.2955 and, thus, was unreliable and inadmissible. The trial court agreed, adopting defendants' arguments and noting, in brief, that none of the statutory requirements were met, that the standard of care articulated by Dr. Milewski was not supported by the scientific community or relevant literature, and that it constituted an "infallibility standard." Accordingly, the trial court granted defendants' motion to strike Dr. Milewski as an expert witness, as well as defendants' motion for summary disposition under MCR 2.116(C)(8) and (C)(10). On appeal, plaintiff argued that the trial court abused its discretion when it struck Dr. Milewski as her expert witness, and this Court agreed. In reaching our decision, we relied on the holding in *Elher v Misra*, 308 Mich App 276; 870 NW2d

-1-

335 (2014), a case with almost identical facts and proposed expert testimony, but that case was subsequently reversed, *Elher*, 499 Mich at 14, resulting in this remand.

In *Elher*, the plaintiff's proposed expert opined that "it is virtually always malpractice to injure the common bile duct during a laparoscopic cholecystectomy, absent extensive inflammation or scarring." *Id*. at 15. But that expert provided no supporting authority for his opinion. *Id*. The issue our Supreme Court considered in *Elher* was whether the plaintiff's expert's opinion "was sufficiently reliable under the principles articulated in MRE 702 and by the Legislature in MCL 600.2955." *Id*. at 24. And the Court reiterated that "it is within a trial court's discretion how to determine reliability." *Id*. at 25.

The *Elher* Court then concluded that the trial court did not abuse its discretion by relying on two of the factors listed in MCL 600.2955 to conclude that the plaintiff's expert's opinion was not reliable. *Id*. The first factor, as noted by the *Elher* Court, was that defendants had submitted a peer-reviewed article which concluded that 97% of such injuries occurred because of misperception errors and not medical negligence; however, the plaintiff submitted no peer-reviewed literature in support of her expert's opinion and none were known. *Id*. The second factor was "the degree to which [the plaintiff's expert's] opinion was generally accepted." *Id*. In that regard, the plaintiff's expert "admitted that he knew of no one that shared his opinion." *Id*. at 26.

The *Elher* Court acknowledged that not all factors in MCL 600.2955 may be considered relevant in a particular case and, in that case, "the scientific testing and replication factor" was not applicable. *Id*. However, the plaintiff's reliance on the proposed expert's background and personal experience, alone, in regard to the other factors was not sufficient to establish that his opinion was reliable. *Id*. The plaintiff's expert admitted that his opinion was based on his own beliefs and there was no medical literature or other support for his opinion. *Id*. Further, the *Elher* Court held, the plaintiff's expert's testimony did not meet the requirements of MRE 702, and was thus unreliable and inadmissible, because his opinion: (1) was not "the result of reliable principles or methods," (2) was not supported by literature on the subject and had no other form of support, and (3) was contradicted by the opinion of defendant's expert as well as published literature. *Id*. at 27.

As in the *Elher* case, here, plaintiff had argued that Dr. Milewski's expert opinion was reliable and admissible primarily because: (1) Dr. Milewski had extensive training and experience in performing the same surgery; (2) supporting medical literature is not a requirement for an expert's opinion to be admissible; and (3) the medical literature provided by defendants was unpersuasive, did not conflict with Dr. Milewski's opinion, or was inadmissible. The trial court struck Dr. Milewski as an expert witness after concluding that the requirements of MRE 702 were not met, and neither were any of the factors set forth in MCL 600.2955. In particular, the trial court noted that Dr. Milewski's opinion regarding the standard of care was (1) unsupported by the literature on the subject, (2) constituted an "infallibility standard," and (3) was not subjected to or supported by scientific testing, peer review, the existence of generally accepted standards, a known error rate, or general acceptance within the relevant expert community. In light of the *Elher* holding, we cannot conclude that the trial court abused its discretion. See *Elher*, 499 Mich at 21.

In this case, as was true in the *Elher* case, the trial court abused its discretion by concluding that "the scientific testing and replication factor" in MCL 600.2955(1)(a) was applicable under the circumstances of this case; it was not relevant. See *id*. at 26. But, as the trial court also noted, plaintiff failed to submit any evidence, medical literature or otherwise, to support Dr. Milewski's standard of care opinion testimony that clipping plaintiff's common bile duct was negligent and not merely a known complication of gallbladder removal surgery. As in the *Elher* case, here, Dr. Milewski relied only on his background, personal experience, and beliefs to support his opinion. Thus, Dr. Milewski's opinion and its basis could not satisfy the other statutory factors set forth in MCL 600.2955. That is, Dr. Milewski's background, personal experience, and beliefs were insufficient to establish the reliability of his opinion. See *id*. at 26. The trial court also did not abuse its discretion when it concluded that, for similar reasons, the requirements of MRE 702 were not met, which rendered Dr. Milewski's opinion unreliable and inadmissible. That is, as in *Elher*, Dr. Milewski's opinion was neither shown to be "the result of reliable principles or methods" nor was it supported by medical literature or any other form of support. See *id*. at 27. Accordingly, we must affirm the trial court's decisions to strike Dr. Milewski as plaintiff's expert witness and grant defendants' motion for summary disposition.

In her original appeal brief, plaintiff had also argued that the trial court abused its discretion when it denied her request for a hearing in accordance with *Daubert v Merrell Dow Pharm, Inc*, 509 US 579; 113 S Ct 2786; 125 L Ed 2d 469 (1993), and when it denied her request to amend her witness list. It was not necessary to address those issues in our prior opinion but, in light of our decision on remand, we consider them now. Both challenges are reviewed for an abuse of discretion. See *People v Unger*, 278 Mich App 210, 216-217; 749 NW2d 272 (2008); *Tisbury v Armstrong*, 194 Mich App 19, 20; 486 NW2d 51 (1991).

> [A]n abuse of discretion standard acknowledges that there will be circumstances in which there will be no single correct outcome; rather, there will be more than one reasonable and principled outcome. When the trial court selects one of these principled outcomes, the trial court has not abused its discretion and, thus, it is proper for the reviewing court to defer to the trial court's judgment. An abuse of discretion occurs, however, when the trial court chooses an outcome falling outside this principled range of outcomes. [*People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003) (citations omitted); see also *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).]

First, a *Daubert* hearing is generally held to determine the reliability of the scientific data upon which an expert relied, i.e., to determine "whether the opinion is rationally derived from a sound foundation." *Chapin v A L Parts, Inc*, 274 Mich App 122, 139; 732 NW2d 578 (2007); see also *Gilbert v DaimlerChrysler Corp*, 470 Mich 749, 779; 685 NW2d 391 (2004). In this case, plaintiff's expert's opinion was not derived from any identifiable scientific data; rather, it was derived from his background, personal experience, and beliefs. Accordingly, the trial court denied plaintiff's request for a *Daubert* hearing, concluding that it was not necessary because Dr. Milewski's deposition testimony was "very thorough and [had] fully explored and exhaustively addressed these issues." In light of the record, the trial court's decision did not fall outside the range of reasonable and principled outcomes. See *Maldonado*, 476 Mich at 388.

Second, plaintiff moved to amend her witness list to add a new expert but discovery was closed—following several discovery deadline adjournments, the trial date was about two months away, and plaintiff failed to identify the new proposed expert. Defendants opposed the amendment, arguing in part that plaintiff failed to demonstrate the necessary good cause under MCR 2.401(I)(2), and that they would be severely prejudiced by such amendment at such a late stage of the proceedings. The trial court agreed with defendants, holding that plaintiff had "not shown good cause for the tardiness of naming a yet to be disclosed expert or disclosing any related opinions." The fact that plaintiff's expert witness was struck did not constitute good cause or a reasonable excuse. And the fact that plaintiff still failed to name her proposed new expert further made the motion untenable. Moreover, the trial court held, the prejudice in this matter was palpable because discovery would have to be reopened for a substantial period of time, another case evaluation would have to be conducted, new motions in limine and dispositive motions would have to be permitted, and the trial date would have to be adjourned by months. The trial court ultimately concluded that plaintiff's motion was untimely, as well as unwarranted, and the granting of it would severely prejudice defendants; thus, the motion was denied.

On appeal, plaintiff argues that the trial court's denial of her motion resulted in an unnecessarily harsh result—the dismissal of her case, and that defendants would not be prejudiced if she was allowed to name a new expert. But plaintiff's reliance on the case of *Duray Dev, LLC v Perrin*, 288 Mich App 143; 792 NW2d 749 (2010), in support of her claim that there was "good cause" to amend her witness list is misplaced because that case involved discovery sanctions, not a motion to amend a witness list. *Id*. at 164. It is clear that the trial court's decision to deny plaintiff's motion to amend her witness list was a result that fell within the range of reasonable and principled outcomes, *Maldonado*, 476 Mich at 388, considering that the case was essentially ready for trial and, as the trial court noted, granting the motion would result "in basically restarting the case."

Accordingly, the trial court did not abuse its discretion when it denied plaintiff's request for a *Daubert* hearing and when it denied her request to amend her witness list.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Mark J. Cavanagh
/s/ Christopher M. Murray

-4-