*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL ALAN FORSBERG,

      Plaintiff-Appellee,

v

SHANE DAVID WALLIN,

      Defendant-Appellant.

UNPUBLISHED
November 16, 2023

No. 363023
Delta Circuit Court
LC No. 22-025011-CZ

Before: RIORDAN, P.J., and CAVANAGH and GARRETT, JJ.

PER CURIAM.

In this contract dispute over an allegedly abandoned home construction and renovation project, defendant appeals as of right the trial court's order denying him an adjournment and granting plaintiff's motion for summary disposition. We affirm.

## I. FACTS

According to plaintiff's complaint, the parties entered into a contract under which the parties agreed that defendant, who held himself out to be a licensed residential builder, would construct an attached garage, remodel the kitchen, and construct two walk-in closets, and that plaintiff would pay the estimated amount of at least $32,000, subject to changes in price for any changes to the scope of the work. Plaintiff ultimately paid defendant a total of more than $45,000. Defendant began but did not finish the projects, and eventually "walked off" and "abandoned" the job without completing it or returning any money to plaintiff, notwithstanding plaintiff's attempts to contact defendant. Plaintiff later learned that defendant was not, and had never been, licensed as a residential builder. Plaintiff ultimately had to resort to seeking out and engaging the services of another builder to complete the projects and repair parts of plaintiff's property that defendant allegedly damaged.

### A. THE COMPLAINT, ANSWER, AND MOTION FOR SUMMARY DISPOSITION

Plaintiff then sued defendant, and asserted four counts: breach of contract, fraud, conversion, and violation of the Michigan Consumer Protection Act, MCL 445.901, *et seq*. Plaintiff attached five exhibits to the complaint: copies of bank statements with cash withdrawals

corresponding to the amount plaintiff alleges he paid defendant; copies of the contract between plaintiff and defendant; a print-out from the Department of Licensing and Regulatory Affairs' "Verify a License" web site that indicated that defendant held an expired "Plumbing Apprentice" license and no other building-related license; a proposal from the contractor plaintiff engaged to complete the work; and a copy of an invoice defendant issued to plaintiff.

Defendant, acting *in propria persona*, filed an answer, using a form approved by the State Court Administrative Office (SCAO). Defendant's answer consisted of his placing check marks in boxes appearing on that form that indicated his disagreement for paragraphs 1 through 8, while in each instance leaving blank the line provided for the "substance of the matters" supporting the denial. Defendant did not make any marks in the boxes corresponding to paragraphs 9 through 15; instead, there appears a large "X" drawn across the face of the page over those paragraphs with no other writing. Defendant's answer included no statement of affirmative defenses, and no additional pages with paragraphs corresponding to paragraphs 16 through 46 of the complaint.

The trial court held a pretrial status conference at which a lawyer appeared on defendant's behalf and he was noted to be defendant's attorney on the pretrial order entered after the conference; that lawyer also currently represents defendant in this appeal. There was, however, apparently some confusion about the extent or nature of that lawyer's appearance and representation of defendant below—the lawyer, despite his appearance at the pretrial conference, did not contemporaneously, or otherwise "promptly," file a written appearance as required by MCR 2.117 (or a motion or stipulation to withdraw).[1]

Plaintiff subsequently filed a motion for summary disposition under MCR 2.116(C)(9) and (10), arguing that he was entitled to summary disposition because defendant failed to assert any defenses, failed to answer the majority of the allegations in the complaint, and failed to properly and sufficiently answer with respect to those allegations defendant did answer. Defendant did not file a response to this motion before the hearing; indeed, aside from the answer, defendant filed nothing in the trial court until after the hearing and plaintiff's presentment of a proposed order. This is despite the fact that plaintiff noticed the hearing on his motion for summary disposition for a date nearly two months after filing the motion.

## B. PLAINTIFF'S ORAL MOTION FOR ADJOURNMENT

The trial court heard the motion on the date plaintiff noticed, August 12, 2022. Defendant appeared at the hearing *in propria persona*. After plaintiff's counsel presented his arguments, the trial court asked for defendant's response. Defendant's only substantive response to the motion was that he had gone to the trial-court clerk's office near the close of business on the last day to timely answer the complaint, and had been given the SCAO form and was "instructed" on "how to fill out the form," and that he did so "to the best . . . of [his] ability." Immediately thereafter, defendant orally moved the court for an adjournment on the ground that he "had trouble acquiring an attorney to represent [him] and help [him] through this . . . ." The trial court noted in response that the lawyer who had represented defendant during the pretrial conference did not file a written

---

[1] The lawyer ultimately filed an appearance in the trial court ten days after the hearing on the motions that are at issue in this appeal.

appearance, which led the court to ask if the lawyer was "not [defendant's] attorney nor will he be?" Defendant replied that he contacted the lawyer on the day of the hearing, and that the lawyer said he would represent defendant, but also instructed defendant to ask for an adjournment.

The trial court emphasized that two months had elapsed without response to the motion or request for adjournment from either defendant or any attorney on his behalf, and asked whether it was defendant's position that defendant's last-minute contact with the lawyer, and the lawyer's instruction for defendant to ask for an adjournment, was sufficient basis for delaying the case, to which defendant replied that he began looking for another attorney on the day of the hearing upon learning that the lawyer who had previously appeared for him would not be present. The trial court stated that plaintiff had already waited two months to have his motion heard, and that any adjournment would delay decision on the motion by several more months because of the trial court's heavy criminal docket, and that, whether one measured from the March filing of the complaint or the June filing of plaintiff's motion, defendant had had several months to "get [his] ducks in a row and only today at the very last minute [did he] decide that [he was] going to try to find a lawyer," and that defendant's "excuses are not holding much water so far." In response, plaintiff, in addition to agreeing with the trial court about the timing issues, noted that defendant's lawyer had appeared earlier that day via Zoom for a bond motion being heard immediately before plaintiff's motion, and could easily have appeared remotely for plaintiff's motion without any objection from plaintiff.

The trial court explained that it would "generally grant" an adjournment "with some liberal allowance," but that "the good cause standard cannot be erased from the equation," and that defendant's lack of diligence in attempting to secure counsel indicated a lack of good cause. The court accordingly denied the motion for adjournment.

## C. SUMMARY-DISPOSITION MOTION AND SUBSEQUENT PROCEEDINGS

With respect to plaintiff's motion for summary disposition under MCR 2.116(C)(9), the trial court ruled that summary disposition was appropriate because defendant failed to state a valid—or any—defense to plaintiff's complaint, because the answer was entirely deficient. With respect to Subrule (C)(10), the court noted that plaintiff's motion was supported by a verified complaint with attached exhibits that supported the claims, while defendant presented no evidence, or any response, whatsoever. The trial court ruled that summary disposition was accordingly appropriate under both MCR 2.116(C)(9) and (C)(10), and invited plaintiff to prepare a proposed order.

Plaintiff filed a proposed order with a notice of presentment, and served the documents on defendant. Ten days after the hearing, and seven days after being served with the proposed order, defendant's lawyer filed a written appearance along with an objection to the proposed order. The latter's only substantive objection concerned the amount of the damages awarded. The other two objections related to the timing of service of the proposed order versus the date appearing on it, and to a scrivener's error on the notice of presentment, which the trial court properly described as an "obvious clerical error" that did not appear on the actual proposed order. The trial court also overruled defendant's objection regarding damages. The trial court entered plaintiff's proposed order granting him summary disposition. This appeal followed.

## II.  ANALYSIS

### A.  DEFENDANT'S MOTION TO ADJOURN

This Court reviews a trial court's decision about whether to grant an adjournment for an abuse of discretion.  *Tisbury v Armstrong*, 194 Mich App 19, 20; 486 NW2d 51 (1991).  A trial court abuses its discretion when its ruling "falls outside the range of reasonable and principled outcomes."  *Loutts v Loutts*, 298 Mich App 21, 26; 826 NW2d 152 (2012).

When reviewing a trial court's decision to deny an adjournment, this Court weighs at least three factors to determine whether the trial court abused its discretion: the number of previous adjournments, the diligence on the part of the moving party, and any possible injustice to the moving party arising from a denial of an adjournment.  *Rosselott v Muskegon Co*, 123 Mich App 361, 371; 333 NW2d 282 (1983).  In *Rosselott*, this Court held that the trial court had properly denied a motion for adjournment primarily on the basis of the movants' lack of diligence.  *Id.* at 371-372.  This Court also emphasized, however, that there was no showing that an adjournment would have benefited the movants.  *Id*. at 372-373.  By contrast, in each of the other two published cases defendant cites, this Court held that the trial court had abused its discretion because there was no lack of diligence on the movants' part, and because denying the adjournments would be more harmful to the movants than granting them would be to the nonmovants.  See *Tisbury*, 194 Mich App at 20-21; *Hackett v Connor*, 58 Mich App 202, 206-207; 227 NW2d 292 (1975).

Here, with respect to the first factor, it is undisputed that there were no previous adjournments.  But the lack of adjournments must be considered in light of the fact that defendant took essentially no action at all, aside from attending the pretrial conference, between filing his answer and appearing at the motion hearing.  The lack of prior adjournments thus went hand in hand with defendant's general lack of vigorous advocacy, and thus does not undercut the trial court's decision.

The lack-of-diligence factor, however, strongly supports the court's decision.  At virtually every stage of the case—indeed from the very beginning—defendant failed to exhibit any diligence at all, as shown by his own statements on the record.  Defendant admittedly waited until the very end of the very last day to timely answer the complaint to go to the trial-court clerk's office to take any step to answer the complaint.  He then did not fully answer the complaint, did not seek more time to answer, and did not move to amend his answer.  Although he managed to secure a lawyer for the pretrial conference, he apparently did not act with sufficient diligence to give the lawyer the impression that defendant had retained him for the entire case.  That lawyer, for his part, appears not to have exercised much diligence either—there is no indication from the record that he informed defendant, the trial court, or plaintiff that his representation was temporary or otherwise limited in any way.  See MCR 2.117(B)(2)(c) and (d); MRPC 1.2(b).  Defendant neither filed a response to the motion, nor indicated that he had reason to expect an attorney to do so on his behalf.  Defendant waited until the day of the hearing to see whether the lawyer who represented him at the pretrial conference would appear, and only when he was told that the lawyer would not appear, did defendant make any effort to find other counsel.  Neither defendant nor his counsel filed any response to the motion for summary disposition, nor even a motion for reconsideration.  Ultimately, defendant's attorney filed an almost perfunctory objection to

plaintiff's proposed order (again at the last possible minute) that offered no substantive arguments about plaintiff's motion or the trial court's ruling.

With respect to the prejudice factor, the trial court noted that it would be particularly unfair to force plaintiff to wait several more months to obtain relief in a case that defendant almost completely failed to defend. We agree that—in light of defendant's utter failure to defend this case, or even allude to any substantive defenses he might have, along with his complete lack of diligence in trying to secure counsel in the first place—defendant was not unfairly prejudiced by the denial of an adjournment. Accordingly, we hold that the trial court did not abuse its discretion by denying defendant an adjournment.

## B. PLAINTIFF'S MOTION FOR SUMMARY DISPOSITION

Ordinarily, a trial court's decision on a motion for summary disposition is reviewed de novo. See *Corley v Detroit Bd of Ed*, 470 Mich 274, 277-278; 681 NW2d 342 (2004). In this case, however, defendant filed no response to plaintiff's motion for summary disposition, and at the hearing offered no substantive arguments. An issue is preserved by raising it before the trial court. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020). Here, none of the arguments defendant makes in this Court were ever made before the trial court—not even in a motion for reconsideration. Defendant's failure to raise any substantive arguments regarding plaintiff's summary-disposition motion left unpreserved any attendant appellate objections. See *Napier v Jacobs*, 429 Mich 222, 227-228; 414 NW2d 862 (1987). We decline to consider defendant's forfeited issue regarding whether the record provided the trial court with an adequate basis for granting summary disposition to plaintiff. See *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 359090) ("the plain-error rule" for unpreserved issues in criminal cases "does not apply to civil cases and it is error to do so"); slip op at 5.

But even if we were to review this issue, we would conclude that the trial court committed no error in this regard. Defendant's wholesale failure to answer the vast majority of the complaint, together with his deficient attempt to answer those few paragraphs for which he checked the "denial" box, constituted an admission to all of plaintiff's allegations except those concerning the amount of damages, see MCR 2.111(C), (D), and (E)(1), and thus summary disposition under MCR 2.116(C)(9) for failure to state a valid defense was appropriate. And because defendant provided no evidence—nor even a response—in reply to plaintiff's motion and accompanying documentary evidence, defendant failed to raise any genuine question of material fact about any part of plaintiff's complaint, and thus summary disposition under MCR 2.116(C)(10) was also appropriate.

Affirmed. Plaintiff is entitled to costs as the prevailing party. See MCR 7.219(A).

/s/ Michael J. Riordan
/s/ Mark J. Cavanagh
/s/ Kristina Robinson Garrett