*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KENNETH ALAN GUPTON,

UNPUBLISHED
June 20, 2025
10:58 AM

Plaintiff-Appellee,

v

No. 367426
Wayne Circuit Court
LC No. 22-105427-DM

LYNNETTE GUPTON,

Defendant-Appellant.

Before: MALDONADO, P.J., and M. J. KELLY and RIORDAN, JJ.

PER CURIAM.

Defendant appeals by right a judgment of divorce, which awarded plaintiff sole legal and physical custody of the parties' three minor children. We affirm.

## I. FACTUAL BACKGROUND

In May 2022, plaintiff filed a verified complaint for divorce contending that (1) on July 16, 2011, plaintiff married defendant, and the parties shared three minor children, ZG, KG, and LNG, (2) plaintiff's previous attempts to file complaints for divorce in 2020 and 2021, were thwarted by the process server's unsuccessful attempts to serve defendant, and (3) defendant was impregnated by a person outside of the parties' marriage, and the resulting child, ICT, was born in November 2020. In his complaint, plaintiff further advanced that he left the marital home in June 2020 because of defendant's infidelity and pregnancy. Moreover, defendant was under investigation by Children's Protective Services (CPS) for leaving the minor children, including the nonmarital infant, without proper supervision. Plaintiff requested the dissolution of the marriage, in addition to the equitable distribution of the parties' marital property and marital debt, and sole legal custody and primary physical custody of ZG, KG, and LNG.

On June 29, 2022, defendant filed an answer to plaintiff's verified complaint for divorce, generally neither admitting nor denying the allegations, and she requested that the parties be awarded joint legal custody and physical custody of their minor children. Defendant further filed a counterclaim, advancing similar contentions as those provided in her answer. Following a number of hearings, in addition to the filing of various motions and documents, plaintiff filed an amended verified complaint for divorce on September 26, 2022, essentially reiterating his

-1-

statements from his initial complaint. On October 21, 2022, defendant's counsel filed a motion to withdraw as her attorney, stating that there was a breakdown in the attorney-client relationship. However, on November 22, 2022, the trial court entered a stipulation and order to cancel the motion for withdrawal as defendant's counsel.

In February 2023, the referee issued a recommendation regarding the proper custody arrangement between the parties. The referee detailed the history of the underlying matter, noting that plaintiff requested temporary sole legal and physical custody of ZG, KG, and LNG, due to:

> [Defendant's] ongoing allegations that [plaintiff] touched [LNG] in her private area with a brush in 2019, [defendant's] tendency to withhold the children from [plaintiff] when he won't give her money or pay her bills, and [defendant's] repeated alleged failure over the past two years to meet the children's needs, including failing to take them to school, physically abusing them as discipline, and being investigated multiple times by CPS.

The referee advanced that a report authored by the Family Assessment, Mediation, and Education department of Wayne County, Michigan, supported plaintiff's contentions, and neither the two forensic interviews nor the CPS investigations "produced any substantive evidence that the abuse occurred." Furthermore, defendant's contentions were "almost four years old, have been investigated by several agencies, and no proof has been documented to show that Father was inappropriate with the minor child." The referee concluded that it was in the best interests of ZG, KG, and LNG to award plaintiff temporary sole physical and legal custody of the minor children, and to institute supervised parenting time for defendant on alternate weekends. The trial court entered an order adopting the aforementioned referee recommendation.

Following the filing of various motions and briefs by the parties, the trial court held a four-day evidentiary hearing spanning April 11, 2023, May 1, 2023, May 15, 2023, and May 22, 2023. On the third day of the evidentiary hearing, defendant requested the dismissal of her trial counsel due to counsel's alleged refusal to present pertinent evidence, and defendant proceeded, *in propria persona*, for the remainder of the proceedings. After permitting the parties to submit written closing arguments and holding additional review hearings, the trial court determined that the best-interests factors iterated under MCL 722.23, primarily favored plaintiff, and it issued the contested judgment of divorce awarding plaintiff sole legal and physical custody of the parties' minor children on July 31, 2023. This appeal ensued.

## II. STANDARDS OF REVIEW

In general, an issue is preserved for appeal if it was raised in or decided by the trial court. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020). The matter of whether defendant was denied her right to counsel when she advanced, *in propria persona*, in the midst of the evidentiary hearing was not raised or addressed during the lower court proceedings. Accordingly, that issue is unpreserved. However, the record indicates that defendant attempted to request an adjournment after the dismissal of her trial counsel, so the matter of whether the trial court was obligated to adjourn the evidentiary hearing is preserved.

Unpreserved issues in civil cases are typically waived, but this Court has determined "there are certain discrete civil matters" in which the plain-error standard is applicable. *Quint v Quint*, ___ Mich App___, ___; ___ NW3d ___ (2024) (Docket No. 368002); slip op at 7. One such exception is child custody cases because the best interests of children "are directly and often irrevocably affected," but their voices are "not always fully heard, even when there is a lawyer-guardian ad-litem involved." *Id*. To establish that a plain error occurred warranting reversal, the following four elements must be demonstrated on appeal:

> 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) the plain error affected substantial rights, and 4) once a defendant satisfies these three requirements, an appellate court must exercise its discretion in deciding whether to reverse. Reversal is warranted when the plain, forfeited error seriously affected the fairness, integrity or public reputation of judicial proceedings. [*Id*., quoting *In re Pederson*, 331 Mich App 445, 463; 951 NW2d 704 (2020).]

"A clear or obvious error under the second prong is one that is not subject to reasonable dispute. An error has affected a party's substantial rights when there is a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Pederson*, 331 Mich App at 463 (quotation marks and citations omitted).

"We review a trial court's decision regarding a motion for an adjournment or continuance for an abuse of discretion." *Charter Twp of Ypsilanti v Dahabra*, 338 Mich App 287, 292; 979 NW2d 725 (2021). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008).

## III. ABSENCE OF COUNSEL

Defendant argues that she was deprived of her right to counsel when she was forced to proceed, *in propria persona*, in the midst of the evidentiary hearing after the trial court discharged defendant's trial counsel upon defendant's request. We disagree.

The Michigan Constitution provides, "A suitor in any court of this state has the right to prosecute or defend his suit, either in his own proper person or by an attorney." Const 1963, art 1, § 13. This constitutional provision traditionally has been examined to determine whether *criminal* defendants were deprived of their right to self-representation or right to counsel under Michigan law, as opposed to civil matters. See *People v King*, 512 Mich 1, 11; 999 NW2d 670 (2023) (citing Const 1963, art 1, §§ 13 and 20 in the context of criminal proceedings to advance that "both the right to self-representation and the right to counsel are protected by the Michigan Constitution"). But this Court has addressed the applicability of Const 1963, art 1, § 13 in civil cases. See, e.g., *In re Conservatorship of Brody*, 321 Mich App 332, 345; 909 NW2d 849 (2017) (opining that although the appellant asserts that there is a constitutional right to retained counsel under Const 1963, art 1, § 13, in a conservatorship proceeding, the appellant "fails to explain how this constitutional provision guarantees any individual, especially a nonsuitor, the right to an attorney . . . .").

-3-

Generally, however, Michigan courts have not recognized a right to counsel in civil matters, with the exception of child protective proceedings and involuntary commitment proceedings due to the significant personal liberty interests at stake. See *In re Casto*, 344 Mich App 590, 611; 2 NW3d 102 (2022) (recognizing that the Michigan and federal Constitutions guarantee the right to the assistance of counsel in criminal cases, but, "[g]iven the nature of accusations and consequences in child-protective proceedings, this right has been extended to these civil proceedings"); see also *In re Londowski*, 340 Mich App 495, 515; 986 NW2d 659 (2022) (concluding that "there would be a high risk of an erroneous deprivation of important liberty interests in civil commitment proceedings without the effective assistance of counsel and that the probable value of requiring effective legal assistance is high").

Likewise, our courts have not explicitly recognized a parental right to counsel in child custody or guardianship proceedings. See *In re Guardianship of Orta*, 508 Mich 913, 917; (CAVANAGH, J., concurring)[1] (stating, "In sum, unlike a parent in a child protective proceeding or a termination of parental rights case, a Michigan parent in a guardianship proceeding has no right to the assistance of counsel by virtue of a statute or court rule"); see also *Haller v Haller*, 168 Mich App 198, 199; 423 NW2d 617 (1988)[2] (opining that while child custody proceedings are "sufficiently complex to require counsel, this factor alone is insufficient to give rise to a due process right to appointed counsel" considering "a custody decree does not constitute a complete termination of the parental bond," "the element of finality of obligation . . . is not present in a custody proceeding," and, "[a] decree is only effective until the minor attains the age of majority").

Even assuming, arguendo, that defendant was entitled to counsel in the child custody proceeding, she has failed to demonstrate her entitlement to relief on this basis. On the third day of the evidentiary hearing, defendant expressed that she desired to release her trial counsel stating, "There's a disconnection between my lawyer and I. He has not submitted evidence that I begged him to submit." Defendant reiterated, "I would like to drop my attorney because he's not—he has not given evidence to you that is very prudent in this [case]." Defendant's counsel responded, "Well, Your Honor, if I may. When I walked in this morning or this afternoon and saw her in the courtroom, she did tell me that she would—she wanted me off the case. Now, she went back and forth so apparently that is what she wants." The court allowed the parties to meet privately in order to determine how to proceed. The parties reconvened, and defendant stated, "I will like to get another lawyer," and she affirmed that she desired for her counsel to withdraw. Following the release of defendant's counsel, defendant proceeded pro se. She performed a cross-examination of plaintiff, with the trial court and plaintiff's counsel frequently interjecting when defendant

---

[1] A Supreme Court order "is binding precedent if it constitutes a final disposition of an application and contains a concise statement of the applicable facts and reasons for the decision." *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 369; 817 NW2d 504 (2012). However, "Concurring opinions are not binding." *Henderson v Dept of Health & Human Servs*, 347 Mich App 36, 46; 14 NW3d 184 (2023).

[2] "Although published decisions of this Court issued prior to November 1, 1990, are not strictly binding upon us, all published decisions of this Court are precedential under the rule of stare decisis and generally should be followed." *Stoudemire v Thomas*, 344 Mich App 34, 41 n 2; 999 NW2d 43 (2022).

advanced statements or questions that were improper or noncompliant with the Michigan Court Rules and the Michigan Rules of Evidence.

Approximately a week later, the parties reconvened for the fourth and final day of the evidentiary hearing. Defendant again appeared *in propria persona*. The trial court inquired whether defendant was able to retain counsel, and defendant replied that she was unable to do so due to time constraints. Defendant then presented two witnesses, her friend and her brother, before testifying on her own behalf. Following the conclusion of the evidentiary hearing, the court provided defendant with the opportunity to acquire counsel to draft her closing argument before issuing its opinion. However, defendant continued to appear, *in propria persona*, until the entry of the judgment of divorce approximately a month later.

This Court has determined that a civil litigant's lack of representation may entitle the party to legal recourse. See *In re Lovitt*, ___ Mich App___, ___; ___ NW3d ___ (2024) (Docket No. 367124); slip op at 6-7 (holding, in the context of a child protective proceeding, that a respondent "was denied the effective assistance of counsel when her attorney withdrew his representation of her on the day of the termination hearing and without giving notice to her"). However, "the right to counsel may be waived or relinquished by a respondent's conduct or inaction." *Id*. ___; slip op at 5. In the present case, defendant was represented continuously by the same law firm since the initiation of the underlying proceedings, elected to discharge her counsel during an evidentiary hearing, and did not acquire substitute counsel for the remainder of the litigation. As defendant essentially deprived herself of her presumed right to counsel, she is not entitled to relief. See *id*.

Defendant further contends that the trial court abused its discretion by refusing to adjourn the third day of the evidentiary hearing, pursuant to MCR 2.503(D)(1), after defendant was left without representation. We disagree.

"Unless the court allows otherwise, a request for an adjournment must be by motion or stipulation made in writing or orally in open court and [be] based on good cause." MCR 2.503(B)(1). "In its discretion the court may grant an adjournment to promote the cause of justice." MCR 2.503(D)(1). This Court has "held before that to establish good cause in the context of a motion for an adjournment a party must show a legally sufficient or substantial reason." *Dahabra*, 338 Mich App at 292, (quotation marks and citation omitted). "In other contexts, our Supreme Court has defined 'good cause' as meaning a 'satisfactory, sound or valid reason.' " *Id*., quoting *People v Buie*, 491 Mich 294, 319; 817 NW2d 33 (2012). A trial court acts within its discretion to deny an adjournment when the "combination of numerous past continuances, failure of the movant to exercise due diligence, and lack of any injustice to the movant" warrants a denial. *Tisbury v Armstrong*, 194 Mich App 19, 20; 486 NW2d 51 (1991).

As previously noted, defendant sought to discharge her trial counsel on the third day of the evidentiary hearing due to counsel's alleged failure to present evidence she wanted introduced. At the time of her request, defendant did not articulate what steps she had taken or planned to take to acquire new counsel or how much additional time she would need. In fact, defendant never retained alternate counsel during the month after she discharged her counsel before the trial court issued its entry judgment of divorce. Additionally, defendant could have requested an adjournment before the commencement of the evidentiary hearing. Instead, she opted to voice her dissatisfaction with counsel after the hearing began—and approximately one month after the first

day of the evidentiary hearing. Accordingly, the trial court was within its discretion to find that defendant had not exercised due diligence in attempting to obtain alternate counsel before the evidentiary hearing and in failing to request an adjournment until the date and time set for the third hearing. See *id.*

Regarding whether the denial of an adjournment caused injustice to defendant, defendant neglects to indicate exactly what evidence was pertinent to the underlying matter that alternate counsel would have presented on her behalf. While defendant contends on appeal that an adjournment would have permitted defendant to effectively cross-examine plaintiff with the assistance of substitute counsel, she fails to specify exactly how plaintiff's credibility would have been undermined or effectively challenged. See *Kilian v TCF Nat'l Bank*, 343 Mich App 621, 638; 997 NW2d 745 (2022) (stating, "[G]enerally, the appellant bears the burden of furnishing the reviewing court with a record that verifies the basis of any argument on which reversal or other claim for appellate relief is predicated") (quotation marks and citation omitted; alteration in original).

Furthermore, it is not evident that an adjournment permitting defendant to retain alternate counsel would have yielded a different outcome. The trial court extensively relied on defendant's own testimony and her conduct throughout the proceedings to determine her fitness as a parent and to resolve the majority of the best-interest factors. Additionally, the Child Custody Act, MCL 722.21 *et seq.*, permits a trial court to "modify or amend its previous judgments or orders for proper cause shown or because of change of circumstances," as long as the modification would be in the child's best interests, defendant is capable of filing a motion to that effect with the assistance of novel counsel. MCL 722.27(1)(c). Accordingly, the trial court's denial of defendant's oral motion for an adjournment fell within the range of principled outcomes. See *Khouri*, 481 Mich at 526.

Affirmed.

/s/ Allie Greenleaf Maldonado
/s/ Michael J. Kelly
/s/ Michael J. Riordan